# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES DURHAM, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | |
| | ) | |
| COMMISSIONER HUDSON, et al. | ) | C.A. No. N21M-07-124 CLS |
| | ) | |
| Respondents. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

Date Submitted: October 4, 2021
Date Decided: January 18, 2022

*Upon the Respondents' Motion to Dismiss*. **GRANTED.**

## **ORDER**

James Durham, Smyrna, DE, 19977, *Pro Se*, Petitioner.

Gregory E. Smith, Esquire, Delaware Department of Justice, Dover, DE, 19904, Attorney for Respondents.

**SCOTT, J.**

1

On this 18th day of January 2022, upon consideration of Petitioner's Petition for a Writ of Mandamus and Respondent's Motion to Dismiss Petitioner's Writ of Mandamus, it appears that:

1. On July 29, 2021, James Durham ("Mr. Durham"), an inmate serving a Level 5 sentence at James T. Vaughn Correctional Center ("JTVCC"), a Department of Corrections ("DOC") facility, filed a *pro se* petition seeking a Writ of Mandamus pursuant to 10 *Del. C.* § 564. Mr. Durham requests the Court to compel Commissioner Hudson, Warden May and Staff Lt. DeJesus to justify his present housing assignment being maximum security at JTVCC and to compel an investigation against Staff Lt. DeJesus for an abuse of authority.

2. Mr. Durham is seeking a Writ of Mandamus to correct an alleged violation of his constitutional rights, specifically his Fourteenth Amendment right to due process, Eighth Amendment right to be free from cruel and unusual punishment and DOC's Policy 4.2 relating to procedure to administer disciplinary action within the prison system.

4. On September 30, 2021, Respondents filed a Motion to Dismiss Petitioner's Writ of Mandamus for failure to state a claim upon which relief can be

granted. The Court must determine if Petitioner has a viable cause of action.[1] "In deciding a motion to dismiss with respect to a petition for a writ of mandamus, this Court must consider the standards a party must meet in obtaining a writ."[2] Before a Writ of Mandamus is issued, "the petitioner must demonstrate that: he [or she] has a clear legal right to the performance of the duty; no other adequate remedy is available; and the [lower body] has arbitrarily failed or refused to perform that duty."[3]

5. Mr. Durham fails to meet both requirements for issuance of a writ of mandamus – that he has a clear legal right to the performance of the duty and no other adequate remedy is available. Mr. Durham has not identified an official duty of Commissioner Hudson, Warden May and Staff Lt. DeJesus, therefore he does not have a right to the performance of the duty. As for there being no other adequate remedy available, the remedy for a violation of constitutional rights is not through the issuance of a writ of mandamus by this Court.[4] Another remedy exists, such as a 41 U.S. § 1983 claim through the

---

[1] *Proctor v. Taylor*, 2006 WL 1520085, at *1 (Del. Super. Jan. 18, 2006).

[2] *Caldwell v. Justice of the Peace Court No. 13*, 2015 WL 9594709, at *3 (Del. Super. Dec. 30, 2015).

[3] *Nicholson v. Taylor*, 2005 WL 2475736, *2 (Del. 2005); *see also Brittingham v. Town of Georgetown*, 113 A.3d 519 (Del. 2015).

[4] *Pinkston v. Del. Dept. of Corr.*, 2013 WL 6439360, at *3 (Del. Super. Dec. 4, 2013) (*citing Washington v. Dept.of Corr.*, 2006 WL 1579773, at *2 (Del. Super. Ct. May 31, 2006)); *Parker v. Kearney*, 2000 WL 1611119, at *5 (D. Del. Aug. 23, 2000)) (holding that Petitioner had an adequate legal remedy for his alleged

District Court. Since Mr. Durham fails to meet both requirements for issuance of a writ of mandamus, mandamus is inappropriate.

6. For the foregoing reasons, the Respondents Motion to Dismiss is **GRANTED.**

**IT IS SO ORDERED.**

**/s/ Calvin L. Scott**
**Judge Calvin L. Scott, Jr.**

---

constitutional claims in the form of a District Court action pursuant to 42 U.S.C. § 1983, therefore a writ of mandamus was inappropriate).